**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES W. STEWART, ) | CASE NO.1:07CR0289 |
| ) | 1:11CV1801 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | OPINION AND ORDER |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #214). Petitioner contends that trial counsel and appellate counsel provided ineffective assistance. For the following reasons, the Court denies Petitioner's Petition.

**FACTS**

On May 23, 2007, a federal grand jury returned a four-count indictment against Petitioner charging him with Conspiracy to Commit Armed Bank Robbery, Armed Bank Robbery, and two counts of Using, Carrying and Brandishing a Firearm

1

During and in Relation to a Crime of Violence.  On July 2, 2007, Petitioner was arraigned on a Superseding Indictment that set forth the same charges as the original Indictment, but added co-defendants.  The case proceeded to trial on October 31, 2007. On November 14, 2007,  the jury found Petitioner guilty of Conspiracy to Commit Armed Bank Robbery but was unable to reach a unanimous verdict on the remaining counts.  A mistrial was declared as to those charges.  Petitioner was retried on the remaining counts and was found guilty on June 12, 2008.  On September 4, 2008, Petitioner was sentenced to 60 months on Count One, 300 months on Count Two, to run concurrently, 420 months on Count Three, to run consecutive to Counts One and Two, and 84 months on Count Four, concurrent to Count Three, for a total of 60 years.

On December 6, 2010,  the Sixth Circuit Court of Appeals affirmed Petitioner's conviction and upheld his sentence.  *U.S. v. Stewart*, 628 F.3d 246 (6th Cir. 2010).   On August 26, 2011, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  On November 10, 2011,  the Government filed a Response to James W. Stewart's Motion to Vacate Sentence.   On March 14, 2012, Petitioner filed Stewart's Adjunct Motion: Reply and Objection to United States' Response to his Motion to Vacate His Sentence Pursuant to 28 U.S.C.§2255; Supplement and/or Amended Petition.  On March 30, 2012, the Government filed a Motion to File Supplemental Response Instanter, which the Court granted on April 3, 2012.

**STANDARD OF REVIEW**

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court ⋯ claiming the right to be released ⋯ may move the court which imposed the sentence to

vacate, set aside or correct the sentence.' In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## **ANALYSIS**

Petitioner asserted the following grounds for relief in his original Motion:

**GROUND ONE:** Counsel was ineffective for violating his client's right to a speedy and fair trial in violation of the Sixth Amendment of the United States Constitution.

**GROUND TWO:** Counsel's failure to investigate defense witnesses could not have been considered sound trial strategy.

**GROUND THREE:** Trial counsel's ignorance of the law coupled with his failure to object at sentencing to the Pre-Sentence Investigation Report denied his client the right to effective assistance of counsel at sentencing.

**GROUND FOUR:** Whether the district court imposed a reasonable sentence when it upward departed without objection from counsel. This was error in light of Glover v. United States and ineffective assistance of counsel in violation of the Sixth Amendment.

In his Adjunct Motion: Reply and Objection to United States' Response to his Motion to Vacate, Petitioner asserted two additional grounds for relief:

**GROUND FIVE:** Trial and Appellate Counsel were ineffective in not objecting and/or raising the district court improperly double counted various aspects of the crime when the court imposed an upward sentencing variance for both the count of armed bank robbery and the count of using or carrying a firearm during a crime of violence.

**GROUND SIX:** Appellate counsel rendered ineffective legal assistance by failing to file a Petition for Rehearing; Rehearing En Banc and/or Petition for a Writ of Certiorari to the Supreme Court after the Sixth Circuit denied Stewart's direct appeal.

Having unsuccessfully appealed his conviction and sentence, Petitioner now seeks relief under 28 U.S.C. § 2255, asserting that his defense counsel was constitutionally ineffective both at trial, at the time of sentencing, and on appeal. Petitioner's attacks upon his counsel's representation are governed by the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), where the Supreme Court formulated the following test:

> .... First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

In attempting to establish that his attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Judicial scrutiny of counsel's performance, however,

4

"must be highly deferential." *Id.* at 689.  The Court in *Strickland* further cautioned against restricting "the wide latitude counsel must have in making tactical decisions." 466 U.S. at 689. The Court in fact wrote that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  466 U.S. at 689.

An error by counsel, "even if professionally unreasonable," will "not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.  Deficiencies in counsel's performance must instead "be prejudicial to the defense in order to constitute ineffective assistance." *Id.* at 692.  To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. That is to say, it must be demonstrated that counsel's performance "caused the defendant to lose what he otherwise would probably have won" and that it was "so manifestly ineffective that defeat was snatched from the hands of probable victory."  *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc), (emphasis in original).

In Ground One, Petitioner contends that counsel was ineffective for violating his right to a speedy trial.  The Government correctly points out that in Petitioner's direct appeal, the Sixth Circuit rejected Petitioner's contention that his speedy trial rights were violated when the court granted defense counsel's motion to continue the first trial.  *Stewart*, 628 F.3d at 253-54.  The Court of Appeals also rejected the related argument that Petitioner's personal consent to the continuance was required, stating that "the Speedy Trial Act 'does not require a defendant's consent to the continuance' in order for a judge to be able to grant a motion in furtherance of the ends of justice." *Id* at 254  (citing *U.S. v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009).

5

The Court agrees that counsel's decision to obtain a continuance constituted effective assistance, in that the decision could be considered a reasonable trial strategy. Defense counsel's Motion for the Appointment of an Investigator filed on the same day as counsel's Motion to Continue, further reflects that the request for additional time was sought to serve legitimate defense interests. Under *Strickland,* defense counsel cannot be faulted for asking for additional time to better prepare Petitioner's defense.

Petitioner has not demonstrated that defense counsel's decision to seek a continuance of the first trial constituted deficient representation. Petitioner has not shown a reasonable probability that the outcome of the first trial, let alone the retrial, would have been different had the first trial not been delayed. Petitioner has failed to establish deficient performance or prejudice within the meaning of *Strickland*, therefore, Ground One is denied.

In Ground Two, Petitioner contends that counsel's failure to investigate defense witnesses could not have been sound trial strategy and thus, counsel was ineffective. In his Adjunct Motion: Reply and Objection to United States's Response to His Motion to Vacate, Petitioner faults counsel for not obtaining jail phone records and thoroughly reviewing cell phone records. The Government correctly points out that Petitioner has not shown how the phone records would have assisted his defense. Petitioner has also failed to show that the outcome of the trial would have been different had counsel introduced the records or questioned witnesses differently. Petitioner has failed to demonstrate how counsel's performance was deficient within the meaning of *Strickland*. Therefore, Ground Two is denied.

In Grounds Three and Four, Petitioner contends that counsel was ineffective for

6

failing to object to the Presentence Investigation Report and the upward departure at sentencing. Petitioner states in his Adjunct Motion: Reply and Objection to United States' Response to his Motion to Vacate Sentence, that counsel's performance was deficient because Petitioner did not review the Presentence Report. When the Court asked Petitioner if he had a chance to go over the report with counsel, Petitioner answered in the affirmative. Petitioner now states that he was not being truthful with the Court. However, Petitioner fails to show that the outcome of his sentencing would have been different, but for counsel's error.

Similarly, Petitioner has failed to establish that counsel's failure to object to the upward departure amounted to ineffective assistance under *Strickland*. The upward departure was fully supported by the trial evidence and consistent with the Sentencing Guidelines. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In this case, the Court considered all the factors and circumstances of the offense and made the final decision regarding the sentence. The sentence would not have changed if counsel had made an objection. Therefore, Grounds Three and Four are denied.

In Ground Five, Petitioner contends that trial counsel and appellate counsel were ineffective for not objecting to the Court sentencing on both aspects of the crime, amounting to double counting. Although Petitioner did not raise the issue in his direct appeal, the Sixth Circuit Court of Appeals addressed it but did not decide the issue. However, the Court of Appeals did affirm the judgment of the Court and found the Court did not abuse its discretion in sentencing Petitioner. The Court agrees with the Government

that appellate counsel could have reasonably concluded that the double-counting issue would not be found meritorious on appeal.

The *Strickland* performance standard does "not require an attorney to raise every non-frivolous issue on appeal," *Jones v. Barnes*, 463 U.S. 743, 751-52 (1983). "[t]he Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003).  Petitioner has not shown that counsel's failure to pursue the double-counting issue constituted deficient performance, or that a different outcome probably would have occurred if the issue had been litigated. Therefore, Ground Five is denied.

In Ground Six, Petitioner contends that appellate counsel rendered ineffective assistance of counsel by failing to file a Petition for Rehearing, a Petition for Rehearing *en banc*, or a Petition for a Writ of Certiorari following the denial of his direct appeal.  The Court agrees with the Government that Petitioner is not entitled to the assistance of counsel in proceedings for a rehearing or a writ of certiorari.

A defendant is entitled to the effective assistance of counsel at trial and in connection with a "direct 'first tier' appeal." *Nichols v. U.S.*, 563 F.3d 240, 248 (6th Cir. 2009) (*en banc) (citing Halbert v. Michigan*, 545 U.S. 605 (2005). *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985) (right to effective assistance of counsel extends to first appeal of conviction where appeal is a matter of right).  The Sixth Amendment  "does not entitle a defendant to the assistance of counsel for a discretionary appeal," including a "petition for certiorari." *Nichols*, 563 F.3d at 248, *citing Ross v. Moffitt*, 417 U.S. 600 (1974).  Since the Constitution does not entitle a criminal defendant to the assistance of counsel in connection with a discretionary appeal, an attorney's failure to pursue such an appeal  "cannot amount

8

to constitutionally ineffective assistance." *Nichols*, 563 F.3d at 249-50.

Petitioner also contends that appellate counsel's performance was deficient by not informing Petitioner that his appeal was denied, depriving Petitioner the opportunity to file a Petition for rehearing, rehearing en banc or a Petition for a Writ of Certiorari. Petitioner has not provided the Court with any documentation to support grounds for additional review. Appellate counsel may have concluded that reasonable grounds did not exist. Judicial scrutiny of counsel's performance, however, "must be highly deferential." *Strickland*, 466 U.S. at 689. Indeed, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Therefore, the Court finds that Ground Six is without merit and is denied.

Petitioner has offered no proof beyond mere allegation that his counsel's performance was deficient. Petitioner has provided no factual basis for vacating his sentence. The Court finds Petitioner has failed to meet his burden under *Strickland*, showing his attorney's performance was unreasonable. Therefore, for the foregoing reasons Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has

9

made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under  2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since the Court has determined  Petitioner's claims in his Motion to Vacate  are meritless, Petitioner has failed to make a substantial showing that he was denied any constitutional right.  Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

May 16, 2012            s/Christopher A. Boyko
Date                    CHRISTOPHER A. BOYKO
                        United States District Judge