# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:07CR289-1** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **JAMES W. STEWART,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant-Petitioner.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Defendant James Stewart's Motion to Vacate and Set Aside Judgment of Conviction and Sentence under 28 U.S.C. § 2255. (Doc. 259). For the following reasons, the Court **GRANTS** Defendant's Motion, **VACATES** the Judgment on Count Four and **CORRECTS** Defendant's Sentence as follows.

## I. BACKGROUND FACTS

On June 19, 2007, the Grand Jury returned a Superseding Indictment charging Defendant with Conspiracy to Commit Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (Count One); Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a), (d) and 2 (Count Two); and two counts Brandishing and Discharging a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Counts Three and Four). (Doc. 11). Defendant proceeded to trial on each of the four counts.

On November 13, 2007, a Jury convicted Defendant on Count One. The Court declared a mistrial on Counts Two through Four. On retrial, another Jury convicted Defendant on Counts Two, Three and Four.

On September 4, 2008, the Court sentenced Defendant to a total of 60 years as follows: 60 months on Count One; 300 months on Count Two to run concurrently with Count One; 420 months on Count Three; and 84 months on Count Four to run concurrently with Count Three. (Doc. 148). Counts Three and Four were to run consecutive to Counts One and Two. (*Id.*).

On December 6, 2010, the Sixth Circuit affirmed Defendant's Sentence. Defendant filed a motion under § 2255 on August 26, 2011, which the Court denied on May 6, 2012. The Sixth Circuit affirmed.

On April 18, 2019, Defendant moved in the Sixth Circuit for a second or successive § 2255 motion. (Doc. 258-1). Defendant based his request on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), where the Supreme Court invalidated the residual clause definition of "crime of violence" in 18 U.S.C. § 16(b) as unconstitutionally vague. According to Defendant, § 924(c)(3)(B) is similarly vague and therefore unconstitutional. During the pendency of Defendant's request, the Supreme Court issued a decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) which addressed the issue at hand. In *Davis*, the Court invalidated § 924(c)(3)(B) as unconstitutionally vague. Based on *Davis*, the Sixth Circuit allowed Defendant to file a second § 2255 motion.

Defendant filed his Motion on November 19, 2019. He asked the Court to vacate the conviction and sentence on Count Four. (Doc. 259). The Government filed its Response on December 11, 2019, agreeing that Defendant is entitled to relief under § 2255. (Doc. 263). The Government however, argued that relief should come in the form of a corrected sentence rather

than a full-resentencing. (*Id.*). Defendant filed his Reply on December 13, 2019 arguing that a resentencing was the proper relief. (Doc. 264)

## II. LAW AND ANALYSIS

### A. Standard of Review

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

"Once the judgment is vacated, the district court must proceed to grant one of four remedies 'as may appear appropriate': (1) 'discharge' the prisoner, (2) 'resentence' the prisoner, (3) 'grant a new trial,' or (4) 'correct' the sentence." *Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013) (quoting 28 U.S.C. § 2255(b)). "Section 2255 'gives district judges wide berth in choosing the proper scope of post–2255 proceedings.'" *Id.* at 633 (quoting *United States v. Jones*, 114 F.3d 896, 897 (9th Cir. 1997)).

Here, the parties agree that the Court must vacate Count Four in light of *Davis*. The Court agrees and will vacate Count Four. The remaining question is one of proper relief. The Government believes a correction is adequate. Defendant disagrees and argues for a full-blown resentencing.[1] For the following reasons, the Court agrees with the Government.

**B.      Correction of Defendant's Sentence**

The Court will correct Defendant's Sentence and vacate the conviction and judgment on Count Four while retaining the original sentence on the remaining counts. District courts may "correct" a sentence without holding a resentencing hearing. *United States v. Flack*, 941 F.3d 238, 241 (6th Cir. 2019). A court 'corrects' the sentence "when its action is arithmetical, technical, or mechanical," such as "when the court does no more than mechanically vacate…unlawful convictions (and accompanying sentences)." *Id.* (citations omitted). When the court imposes a corrected sentence that is largely consistent with the rationale of the original sentence, a *de novo* resentencing would be largely redundant and wasteful. *United States v. Nichols*, 897 F.3d 729, 738 (6th Cir. 2018). As with all sentences, the corrected sentence must be both procedurally and substantively reasonable. *Id.*

Defendant wants the Court to resentence him in order to "unbundle" his sentencing package. He claims that Counts Three and Four required the Court to impose two consecutive sentences: 10 years on Count Three and 25 years on Count Four. The Court, Defendant claims,

---

[1] According to Defendant, the Government's own case law in co-defendant Terence Moore's case supports resentencing. However, the Mr. Moore's case is distinguishable. Mr. Moore pleaded guilty to only one count under 18 U.S.C. § 924. His original sentence on the aiding and abetting a bank robbery did not reflect the fact that a gun was used and therefore could not be increased per the Guidelines. At resentencing then, the Court may enhance the sentence on Count Two because Mr. Moore's conviction under § 924(c) is no longer valid. *See Pasquarille v. United States*, 130 F.3d 1220 (6th Cir. 1997) (affirming trial court's decision to vacate conviction under § 924(c) but resentence on Count One to reflect a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm).

accomplished this in a different way by ultimately imposing 35 years on Count Three with Count 4 to run concurrently.

Defendant's argument as to what occurred at the Sentencing is inaccurate. In fact, the Court did the opposite. The Court relied on *United States v. Taylor*, 13 F.3d 986 (6th Cir. 1994) in finding that the Court *could not* impose two consecutive sentences for the same underlying offense. Accordingly, the Court could only impose one consecutive sentence to Counts One and Two and did not rely on the consecutive nature of Counts Three and Four in fashioning the Sentence.

At the original sentence, Defendant faced a minimum 10 years to a statutorily maximum of life in prison on Count Three. That remains true today if the Court were to resentence Defendant, a fact Defendant does not dispute. At the original sentence, the Court imposed a term of 420 months on Count Three, within the statutory range. As discussed at the original sentence, this case was an extreme—"something pretty much out of Hollywood"—and warranted a higher sentence. The Sixth Circuit agreed and affirmed the Sentence as both procedurally and substantively reasonable. *Stewart*, 628 F.3d at 261.

The Court's rationale from the original sentencing applies with equal force today. Therefore, the Court will simply correct the sentence while keeping the original judgments on Counts One, Two and Three.

### III. CONCLUSION

The Court agrees with the parties and **GRANTS** Defendant's Motion. In light of *Davis*, the Court **VACATES** the Judgment on Count Four. The Court **CORRECTS** Defendant's Sentence

to reflect this fact.  Since the Court's original rationale applies with equal force today as to the

remaining Counts, the Court retains the Sentences on Counts One, Two and Three.

**IT IS SO ORDERED.**

 **s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: January 6, 2020**